This appeal is taken from a final judgment of the Portage County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings that were pending against appellee, Donald Worthy.
On March 13, 1995, appellee pleaded guilty to two counts of rape, in violation of R.C. 2907.02 and one count of gross sexual imposition, in violation of R.C. 2907.05.
The trial court sentenced appellee the following day to serve indefinite terms of ten to twenty-five years in prison for the rape convictions and a definite term of one year on the charge of gross sexual imposition. The trial court ordered the sentences to run concurrently.
In 1997, the Ohio Department of Rehabilitation and Correction recommended, pursuant to R.C. Chapter 2950.09(C)(1), that the court adjudicate appellee as being a sexual predator. The trial court appointed counsel to represent appellee and scheduled the matter for a hearing on July 6, 1998, in order to determine whether or not appellee is a sexual predator.
On April 29, 1997, appellee filed a motion to dismiss the recommendation of the Department of Rehabilitation and Correction that he be declared a sexual predator. In a judgment entry dated May 1, 1997, the trial court granted appellee's motion to dismiss the sexual predator proceedings pending against him. The trial court did so based on its conclusion that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the Ex Post Facto
Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
From this judgment, appellant timely appealed to this court. It now asserts the following assignments of error:
 "[1.] The trial court erred in dismissing the recommendation of the Ohio Department of Corrections that the defendant be adjudicated a sexual predator because the issue of the constitutionality of R.C. 2950 et seq. was not properly before the court.
 "[2.] The trial court erred to the prejudice of the appellant in determining, as a matter of law, that R.C. 2050 [sic] et seq. is unconstitutional as applied to defendants convicted and sentenced for a sexually oriented offense, as defined in R.C. 2950.01(D), prior to January 1, 1997."
In its first assignment of error, appellant posits that the trial court erred by dismissing the recommendation of the Department of Rehabilitation and Correction to adjudicate appellee a sexual predator. Appellant maintains that the issue of the constitutionality of R.C. Chapter 2950 was not properly before the trial court. Pursuant to this court's decision inState v. Reese (Feb. 12, 1999), Portage App. No. 97-P-0048, unreported, the first assignment of error is without merit.
In its second assignment of error, appellant contends that the trial court erred by ruling that R.C. Chapter 2950 was unconstitutional as applied to sex offenders who were convicted and sentenced prior to January 1, 1997. In State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, this court held that R.C. Chapter 2950 was unconstitutional as applied to sexual predators under Section 1, Article I of the Ohio Constitution. Pursuant to Williams, the second assignment of error is not well-taken.
Based on the foregoing analysis, appellant's assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed.
 --------------------- JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.
HON. DONALD R. FORD, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.